IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEREMY GRABER,**<br><br>　　　　　**Plaintiff,**<br><br>　　　v.<br><br>**POLICE INSPECTOR**<br>**JOEL DALES,** *et al.*,<br><br>　　　　　**Defendants.** | **CIVIL ACTION NO. 18-3168** |

## MEMORANDUM OPINION

**Rufe, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**January 5, 2021**

Plaintiff Jeremy Graber alleges that his constitutional rights were violated when he was arrested during a protest at the 2016 Democratic National Convention ("DNC"). Defendant Michael Boresky, a Secret Service agent, has moved for summary judgment and to stay discovery pending the resolution of that motion. Plaintiff has filed a declaration under Federal Rule of Civil Procedure 56(d) contending that discovery is necessary before summary judgment can be decided.

**I.　　BACKGROUND**

　　**A.　　Plaintiff's Allegations**

Plaintiff alleges the following facts. The 2016 DNC was held at the Wells Fargo Center in Philadelphia, Pennsylvania. The DNC was designated as a National Special Security Event and federal agencies were involved in its security. In particular, the Secret Service managed security for the DNC, which included setting up a security fence around the event. Over the course of the event, thousands of protesters gathered at the site of the DNC for marches, speeches, and demonstrations.

On the third night of the event, a protester cut the security fence with bolt cutters. Six protesters entered the restricted area and were arrested. Shortly after these arrests, Plaintiff alleges that Defendant Police Inspector Joel Dales "forcibly grabbed" him as he was standing in the crowd with hundreds of protesters.[1] Dales, with the assistance of other officers, searched Plaintiff. Plaintiff, who is a certified paramedic, was carrying a bag containing first aid items including "three small decorative knives that he used to cut gauze and clothing."[2] The officers seized the knives and then pulled him past the fence into the restricted area.[3] Inside the area, the officers handcuffed Plaintiff and searched him again. Plaintiff was arrested, placed in a Philadelphia Police Emergency Patrol Wagon with the six protesters who had breached the fence, and taken to the Federal Detention Center. Special Agent Aaron McCaa and several other Secret Service agents were at the DNC the night of the arrest; Defendant Boresky was at his home.[4]

The next day, Defendant Boresky signed an affidavit that there was "probable cause to believe that . . . [Plaintiff and the six protesters] . . . knowingly entered the restricted grounds . . . in violation of 18 U.S.C. § 1752(a)(1)." He signed the affidavit in front of a United States magistrate judge, and Plaintiff was federally charged and ordered held without bail pending trial.[5] On July 29, 2016, video evidence confirmed that Plaintiff had not entered the restricted

---

[1] Amend. Compl. [Doc. No. 3] ¶ 22.

[2] *Id.* ¶ 19.

[3] *Id.* ¶ 23.

[4] Boresky is the only Secret Service agent who has been named as a Defendant.

[5] Amend. Compl. [Doc. No. 3] ¶¶ 29-30.

zone before being grabbed by Defendant Dales.[6] The charges against Plaintiff were then dismissed.[7]

### B. Assertions in Defendant Boresky's Motion for Summary Judgment

In the Motion for Summary Judgment, Defendant Boresky provides declarations and exhibits expanding on the events described in the Amended Complaint. Late in the evening of Plaintiff's arrest, Defendant Boresky received an email informing him that Plaintiff and the six protesters would be charged with violating 18 U.S.C. §1752, entering a restricted building or grounds.[8] Defendant Boresky was also informed that he would be the affiant on the criminal complaint.[9]

The next morning, Defendant Boresky received an email from Agent McCaa containing a synopsis of events leading to the arrests and photographs of the evidence seized.[10] Agent McCaa's synopsis stated in part:

> At approximately 2245 hours on 07/27/16, I observed the gate unexpectedly open and several protestors running from their side of the fence to the inside of the secure perimeter. The protestors were met by police who were attempting to close the gate as well as apprehend the suspects who had breached our secure perimeter. Police apprehended 7 suspects who breached the gate while other officers and agents were able to secure the gate preventing further protestors from gaining access to the secured zone. The suspects who breached the secure perimeter were identified as [Plaintiff and six other protesters].[11]

---

[6] *Id.* ¶ 32.

[7] *Id.*

[8] *See* Doc. No. 45-5.

[9] *See* Doc. No. 45-4 ¶ 4; *see also* Doc. No. 45-5.

[10] *See* Doc. No. 45-1 ¶ 12; *see also* Doc. Nos. 45-6, 45-7, 45-8.

[11] Doc. No. 45-7.

Defendant Boresky was also provided with the affidavit of probable cause that was prepared for him and, as discussed above, that he presented to the magistrate judge.[12]

The evening of the arrests, Special Agent Anna Marie De Marco received an email from a colleague requesting that she search for videos of the breach when she arrived at work the next day.[13] The next day, July 28, Special Agent De Marco found four videos of the breach, downloaded them, and burned them to a CD.[14] On July 29, Plaintiff was released from detention and the charges against him were dropped.[15] On or after August 1, Special Agent De Marco provided a copy of the CD containing the four videos to Defendant Boresky for his records.[16]

### C. Procedural History

Plaintiff filed suit alleging that he was falsely arrested and detained in violation of the First, Fourth, and Fourteenth Amendments. He has brought this action against Philadelphia police officers under § 1983 and Defendant Boresky pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*.[17] Defendant Boresky argues in part that Plaintiff's suit is barred under the doctrine of qualified immunity.[18] The Court has previously held, ruling on Defendant Boresky's motion to dismiss, that qualified immunity turns on whether it was objectively reasonable for Defendant Boresky to believe, based on the statements he received, that probable cause existed

---

[12] Doc. No. 45-1 ¶ 17.

[13] Doc. No. 45-12 ¶ 4.

[14] *Id.* ¶ 5. Special Agent De Marco downloaded the videos about an hour after Defendant Boresky had signed the affidavit of probable cause. *See id.*; Doc. No. 45-1 ¶ 18.

[15] Doc. No. 3 ¶ 33.

[16] Doc. No. 45-12 ¶ 6.

[17] 403 U.S. 388 (1971). Plaintiff's First Amendment claims against Defendant Boresky were dismissed. *See Graber v. Dales*, No. 18-3168, 2019 WL 4805241, at *8 (E.D. Pa. Sept. 30, 2019).

[18] *See* Doc. No. 45 at 5.

to arrest Plaintiff.[19] The Court also held that discovery was required to make this determination.[20]

At the Rule 16 scheduling conference, counsel for Defendant Boresky argued that discovery should be limited to only "what [Defendant Boresky] heard and what he relied on for his affidavit."[21] The Court rejected this extreme limitation, noting that other evidence, such as the circumstances leading to the arrest, may be relevant to allow Plaintiff to challenge Defendant Boresky's claim to qualified immunity.[22] The Court further noted that challenges to discovery were best handled through the Rules of Federal Procedure after "specific and formulated" requests were made.[23]

Six weeks after the scheduling conference—and before Plaintiff had served any discovery requests or interrogatories—Defendant Boresky presented Plaintiff with a proposed statement of facts and a limited set of documents.[24] These documents included email communications with Defendant Boresky, and declarations of Defendant Boresky and two other Secret Service agents.[25] However, these documents did not include declarations of Agent McCaa or any agent who was directly involved in Plaintiff's arrest.

With Defendant Boresky's proposed statement of facts as a starting point, the parties attempted to negotiate the scope of discovery. This negotiation culminated with Defendant

---

[19] *See Graber*, 2019 WL 4805241, at *6–*7.

[20] *See id.*

[21] Doc. No. 42 at 38.

[22] *See Id.* at 36–44.

[23] *Id.* at 33, 42.

[24] Doc. No. 45-1 at 2 n.1

[25] *See* Exhibits to Doc No. 45.

Boresky offering Plaintiff depositions of the three declarants on the condition that no additional discovery would be required.[26] After Plaintiff declined this offer, and two months before the scheduled close of discovery, Defendant Boresky moved for summary judgment and to stay discovery.[27] In response, Plaintiff filed a declaration under Federal Rule of Civil Procedure 56(d) and moved for additional discovery.[28] No discovery related to Defendant Boresky has occurred.

## II.  LEGAL STANDARD

"[B]y its very nature, the summary judgment process presupposes the existence of an adequate record," and the Court "is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery."[29] Indeed, "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law."[30] "A district court abuses its discretion when it grants summary judgment in favor of the moving party without even considering a Rule 56(d) declaration filed by the nonmoving party."[31]

---

[26] *See* Doc. No. 45-1 at 2 n.1.

[27] *See* Doc. Nos. 45, 46.

[28] *See* Doc. Nos. 55 & 55-1. Rule 56(d) states:

**When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;

    (2) allow time to obtain affidavits or declarations or to take discovery; or

    (3) issue any other appropriate order.

[29] *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (internal quotation marks and citation omitted).

[30] *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015).

[31] *In re Avandia Mktg., Sales & Prod. Liab. Litig.*, 945 F.3d 749, 761 (3d Cir. 2019) (internal quotation marks and citation omitted), *cert. denied sub nom. GlaxoSmithKline LLC v. United Food & Commercial Workers Local 1776 & Participating Employers Health & Welfare Fund*, 141 S. Ct. 265 (2020).

### III. DISCUSSION

"[F]ederal litigation revolves around the generous and wide-ranging discovery provided by the Federal Rules of Civil Procedure," and "liberal discovery rules and summary judgment motions" are relied on to "define disputed facts and issues and to dispose of unmeritorious claims."[32] But liberal discovery rules are at odds with the doctrine of qualified immunity, which when applicable, shields a government official from "the burdens of broad-reaching discovery."[33] As the Third Circuit has noted, qualified immunity may be "implicitly denied" when an otherwise entitled official is subjected to the burden of discovery.[34]

Nevertheless, "discovery may be necessary before [Defendant's] motion for summary judgment on qualified immunity grounds can be resolved."[35] Where discovery is required, the need for generous and wide-ranging discovery, which is necessary to allow for a court to properly consider a case at the summary judgment stage must be balanced against the protections afforded to a government official claiming entitlement to qualified immunity. Thus, "any such discovery should be tailored specifically to the question of [Defendant's] qualified immunity."[36]

Here, qualified immunity turns on whether it was "objectively reasonable" for Defendant Boresky to believe there was probable cause to arrest Plaintiff.[37] This cannot be determined without considering evidence surrounding the statements and communication upon which

---

[32] *Abington Friends.*, 480 F.3d at 256–57 (internal quotation marks and citation omitted).

[33] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[34] *Oliver v. Roquet*, 858 F.3d 180, 188 (3d Cir. 2017).

[35] *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).

[36] *Id.*

[37] *See Rogers v. Powell*, 120 F.3d 446, 455 (3d Cir. 1997).

Defendant Boresky relied, and cannot be opposed without an opportunity to conduct discovery related to the arrest.[38]

In Plaintiff's Rule 56(d) declaration, he requests depositions of Defendant Boresky, the declarants he relies upon, and Agent McCaa, who provided Defendant Boresky the information about Plaintiff's arrest.[39] Additionally, Plaintiff seeks discovery of all relevant communications Defendant Boresky may have had with Agent McCaa or other agents regarding the events leading up to Plaintiff's arrest.[40]

Defendant Boresky argues that his proposed statement of facts and supporting documents are sufficient to show probable cause and is "enough to demonstrate he is entitled to qualified immunity."[41] Defendant also argues that Plaintiff's Rule 56(d) declaration fails to specify how the requested discovery "would preclude summary judgment" and therefore should be rejected.[42]

However, Plaintiff has not been provided the opportunity to conduct *any* discovery and Plaintiff is entitled to "present evidence to properly oppose [Defendant's] motion."[43] It would be wholly inequitable to permit Defendant to rely upon affidavits and communications to which he,

---

[38] This case is unlike *Oliver*, where the Third Circuit held that the district court erred by ordering discovery instead of granting summary judgment. In *Oliver*, no discovery was necessary because Plaintiff had failed to state a claim, and even if he had, no clearly established right had been violated. *See Oliver*, 858 F.3d at 194–96. Here, qualified immunity cannot be determined without establishing a record.

[39] *Id.* ¶ 6, 9. Plaintiff notes that it has not been established who authored the affidavit of probable cause, and this is a relevant subject of discovery.

[40] *Id.* ¶ 25.

[41] Doc. No. 63 at 29.

[42] Doc. No. 60 at 2 (quoting *Hart v. City of Philadelphia*, 779 F. App'x 121, 128 (3d Cir. 2019)). In the case Defendant Boresky cites for the proposition that the Court should reject an improper Rule 56(d) declaration, the Third Circuit held that because no discovery had occurred, it was an "exceptional circumstance[]" where no Rule 56(d) declaration was needed. *Hart*, 779 F. App'x at 128–29.

[43] *See Hart v. City of Philadelphia*, 779 F. App'x 121, 129 (3d Cir. 2019) (holding that it was an abuse of discretion to deny the plaintiff any discovery).

and not Plaintiff, has access, and deny Plaintiff the ability to request additional relevant documents or test the declarations through depositions.

Plaintiff has met the requirements under Rule 56(d), and Defendant's Motion for Summary Judgment will be dismissed without prejudice to allow for discovery. However, discovery remains limited as to what is necessary to determine the issue of qualified immunity, and Defendant may challenge any discovery request as provided by the Federal Rules of Civil Procedure.

### IV. CONCLUSION

Defendant Boresky's Motion for Summary Judgment will be dismissed without prejudice. Plaintiff's Motion for Additional Discovery will be granted. An order will be entered.